IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN ALBERT POUND** | ) | |
|       **Petitioner,** | ) | |
| | ) | |
|     vs. | ) | **C.A. No. 05-156 ERIE** |
| | ) | |
| **WARDEN JAMES VESHECCO** | ) | |
|       **Respondent.** | ) | |

**RESPONDENT'S BRIEF IN OPPOSITION TO PETITION
FOR WRIT OF HABEAS CORPUS**

Roger M. Bauer, Esq.
Assistant District Attorney
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania  16501
PA. I.D. #82287
(814) 451-6349

Dated: September 19, 2006

# TABLE OF CONTENTS

1. RELEVANT HISTORY AND PROCEDURE...................................................................1

2. STATUTE OF LIMITATIONS ........................................................................................2

3. CLAIM COGNIZABLE IN FEDERAL HABEAS PROCEEDINGS ...............................3

4. EXHAUSTION..................................................................................................................6

5. PROCEDURAL DEFAULT DOCTRINE ........................................................................7

    a. State Procedure ...................................................................................... 8
    b. Cause and Prejudice ............................................................................... 9
    c. Miscarriage of Justice ............................................................................ 9

6. PETITIONER'S CLAIMS.................................................................................................9

7. CONCLUSION................................................................................................................11

1. **RELEVANT HISTORY AND PROCEDURE**

This case does not involve a person convicted of a crime. It instead involves a person found in civil contempt of child support orders and incarcerated and subsequently released from custody prior to the filing of this petition. While such matters are typically outside the purview of the District Attorney's Office, we will nonetheless comply with this Honorable Court's order. The petitioner was ordered to pay child support at NS 200000484 and NS 200300070 for two separate children by the Domestic Relations Section of the Erie County Court of Common Pleas. At both NS 200300070 and NS 200000484, the court scheduled a contempt hearing for October 22, 2004 based on the motion filed by the Domestic Relations Section. On October 22, 2004, the defendant was found in contempt at both docket numbers for failing to appear, failing to pay support, failure to report changes in employment/address and failure to respond to notices of non-compliance. A Bench Warrant and Corrected Commitment was issued on November 3, 2004 requiring imprisonment not to exceed two years or until the respective purge amounts were paid. On May 3, 2005, the bench warrant was served on the defendant. On May 17, 2005, the court modified the contempt sentence to three months on each count to be served consecutively with each other. On May 12. 2005, the defendant was discharged from custody at NS 200000484. On June 9, 2005, the defendant was discharged from custody at NS 200300070. The record provided by the Domestic Relations Section indicated no appeal was filed at either docket number. The Defendant filed this petition for Writ of Habeas Corpus on April 11, 2006.

2. **STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act, AEDPA, establishes a one-year statute of limitations within to apply for a Writ of Habeas Corpus challenging a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period generally begins to run on the date on

which judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  The one-year time limitation is subject to tolling for the time a properly filed application for state post conviction or other collateral review with respect to the judgment or claim pending. 28 U.S.C. § 2244(d)(2).   When a person's conviction becomes final prior to the effective date of the AEDPA, April 24, 1996, have a one-year grace period (plus any time for which the limitations period is statutorily or equitably tolled) to file for habeas relief.  <u>Burns v. Morton</u>, 134 F.3d 239, 244 (3d. Cir. 2001).

      The petitioner was originally sentenced at both numbers on October 22, 2004 at a proceeding for which he did not appear.  The judgment would have become final one year from the time the petitioner could have received direct review.  In this case, the time for seeking an immediate appeal would have expired October 21, 2005.  After his incarceration, the court modified the contempt sentence by cutting it in half on May 17, 2005.  This judgment would have become final on June 16, 2006, well after the April 11, 2006 filing of this petition.

**3.**     <u>**CLAIMS COGNIZABLE IN FEDERAL HABEAS PROCEEDINGS**</u>

      A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law.  <u>28 U.S.C. §2254(a).</u>  Under the AEDPA, habeas corpus will not be granted with respect to any claim adjudicated on the merits in State court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. <u>28 U.S.C. § 2254(d).</u>  The federal court must presume the state court's findings of facts are correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. <u>28 U.S.C. § 2254(e)(1).</u>  A State court decision is contrary to Supreme Court precedent if it reaches a

conclusion opposite of the Supreme Court on a question of law or if it decides a case differently than the Supreme Court has on a set of material indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 413, 146 L.Ed. 2d 389, 120 S. Ct.1495 (2000). A decision is an unreasonable application if the court identifies the correct governing legal rule from Supreme Court cases but unreasonable extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply. Williams, 529 U.S. at 407. The unreasonable application test is an objective one, a court may not grant habeas relief merely because it concludes the state court applied federal law erroneously or incorrectly. Wiggins v. Smith 539 U.S. 510, 520-21, 156 L.Ed. 2d 471, 123 S. Ct. 2527 (2003). AEDPA's deferential standards of review do not apply unless it is clear from the state court decision that the merits of the petitioner's constitutional claims were examined in light of federal law as established by the Supreme Court of the United States. Evertt v. Beard, 290 F.3d 500, 508 (3d Cir. 2002). In cases where AEDPA standards of review do not apply, habeas courts apply pre-AEDPA standards. Evertt, at 508. This means de novo review over pure legal questions and mixed questions of law and fact. Appel v. Horn 250 F.3d 203, 210 (3d Cir. 2001). In these circumstances, the state court's factual determinations are still presumed to be correct, rebuttable upon showing of clear and convincing evidence under § 2254(e)(1). If the petitioner has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless it can be shown the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(A),(B).

In making custody determinations, a court looks to the date the petition for habeas corpus was filed. Barry v. Bergen County Probation Department, 123 F.3d 152, 159 (3d. Cir. 1997)., See Carafas v. LaValle, 391 U.S. 234, 238-40, 88 S.Ct. 1556, 20 L. Ed. 2d 554 (1968). Generally a petition for Habeas Corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams 455 U.S. 624, 102 S.Ct 1322. (1982). Violations of state law or procedural rules alone are not sufficient, a petitioner must allege a deprivation of a federal right before habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Pestock, 941 F.2d 253 (3d Cir. 1991) cert. denied 505 U.S. 1223 (1992). A federal court's scope of review is limited as it does not sit to retry cases de novo, but examines the proceedings in the state court to determine if there has been a violation of federal constitutional standards. Barefoot v. Estelle, 463 U.S. 880 (1983); Milton v. Wainwright, 407 U.S. 371 (1972). A habeas petitioner must show that the state court's decision was such a gross abuse of discretion that it was unconstitutional; "ordinary" error is outside the scope of § 2254.

The Commonwealth found it difficult to determine what federal grounds the petitioner was relying on to be eligible for habeas relief. The petition makes no makes no outward assertion of any violation of the federal constitutional principles, instead petitioner states; "State Law only permits 90 day sentences for contempt of court and I received four years (illegal sentence) and " I received an illegal sentence do to the fact I had no legal representation." The former makes no assertion of any federal constitutional violation and since petitioner is required to allege a federal violation, constitutional or statutory, and has not done so, this issue should be dismissed. The latter, however, is more complicated. Again there is no express language expressing a federal violation, however, the Commonwealth understands that pro-se litigants are entitled to some deference in drafting. It appears the petitioner is alleging either a violation of the Right to Counsel or Due Process at the time he was sentenced for contempt on October 22,

5

2004. Since the Sixth Amendment right to counsel only attaches in criminal prosecutions, it appears the only issue that can go forward is a violation of due process under the fourteenth amendment. As the Commonwealth will argue later in this brief, the petitioner is not entitled to relief on the merits. This Honorable Court, however, need not go that far as both these issues should be dismissed under the mootness doctrine. At the time the defendant filed his pro-se petition on April 11, 2006, he had already been discharged from custody at both docket numbers. The defendant was discharged from custody on May 12, 2005 and June 9, 2005, approximately ten months prior to the filing of the instant petition.

**4.    EXHAUSTION**

Before a federal court can grant a habeas petition, the state prisoner to exhaust all available state court remedies before seeking federal relief. 28 U.S.C. § 2254(b), O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct 1728, 144 L.Ed. 2d 1, (1999). This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preister v. Rodriguez, 411 U.S. 475, 491 (1973). A petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied. O'Sullivan, S.Ct at 1728., *see also*, Villot v. Varner, 373 F.3d 327, 337 (3d. Cir. 2004) (…the claim must be fairly presented at each stage of the State's established appellate process).. The petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state prisoner's claims prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997). Federal courts may entertain the merits of a

petition for habeas corpus where state remedies have not been exhausted "when no appropriate remedy exists at the state level or when the state process would frustrate the use of an available remedy." Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991). If the "petitioner has no opportunity to obtain redress in state court or where the state corrective process is so defective as to render any effort to obtain relief futile," exhaustion is not required. Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986) citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

This Court's initial inquiry regarding the exhaustion requirement is whether a petitioner has "fairly presented" his federal claims to the state courts. To meet the fair presentation criterion, the same factual and legal basis for a claim must be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any violation of federal rights. Duncan v. Henry, 513 U.S. 364 (1995)(*per curiam*). "Fair presentation requires that, before a particular claim may be asserted in federal court, the same method of analysis must have been made available to the state court." Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir.), cert. denied, 484 U.S. 845 (1987).

It is quite clear the petitioner failed to raise either of the two issues found in this petition in any court in this Commonwealth. In other words, he has failed to fairly present this case and its alleged violations to the courts of this Commonwealth. The defendant failed to take a direct appeal, nor did he apply for a writ of habeas corpus in state court.[1] While not conceding the merits, the Commonwealth would agree that for practical purposes, the petitioner has "exhausted" his ability to raise these issues in state court as the time to file a direct appeal would have expired at the latest June 16, 2005 and he would not be entitled to state habeas relief because he is no longer in custody.

---

[1] Since this is not a criminal post – conviction hearing, state habeas relief was available to the petitioner while he was in custody. 42 Pa. C.S. § 6503.

7

5.    **PROCEDURAL DEFAULT DOCTRINE**

Under the procedural default doctrine, a federal habeas court is prohibited from considering constitutional claims where a state court has refused to entertain the merits on the basis of an adequate and independent state procedural rule. Harris v. Reed 489 U.S. 255, 262, 103 L.Ed. 2d 308, 109 S. Ct. 1038 (1989). In order to prevent federal habeas corpus review under the procedural default doctrine, a state procedural rule must be "consistently or regularly applied." Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997)., *quoting,* Johnson v. Mississippi, 486 U.S. 578, 588-89 (1988). Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising his claims. Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), *cert. denied*, 116 S.Ct. 1027 (1996). A state procedural rule is "adequate" if it is regularly or consistently applied by the state court, *see*. Johnson v. Mississippi, 486 U.S. 578, 587, 100 L. Ed. 2d 575, 108 S.Ct. 1981(1988) and is "independent" if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.s. 68, 75, 84 L. Ed. 2d 53, 105 S. Ct. 1087 (1985). Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits due to procedural default unless a petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson,, 501 U.S. 722, 750 (1991).

**5(a) State Procedure**

In Pennsylvania, the petitioner would have been able to challenge his sentence by filing an appeal within the proscribed time limits. The Pennsylvania Rules of Appellate Procedure would have required the defendant to file a notice of appeal within thirty days after the entry of the sentence order. Pa. R. App. P. 903(a). Since this was not a criminal conviction, state habeas relief was also available to the petitioner while he was imprisoned. See. 42 Pa. C.S.§ 6503. The

8

ability to file for state habeas relief became unavailable after his discharge from custody and no longer restrained of his liberty. The petitioner's failure to avail himself of these options resulted in the inability of the state court to hear these issues first.

### 5(b) Cause and Prejudice

The inquiry continues to see if he can meet cause and prejudice standard. To satisfy the cause standard, Petitioner must demonstrate that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. McCleskey v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner fails to allege any external factor that prevented him from complying with the Pennsylvania Rules of Appellate Procedure. While petitioner was not present for the October 22, 2004 hearing where the original sentence was imposed, he clearly cannot explain why he would not have been able to file an appeal on the modification of his sentence, which occurred May 17, 2005, while he was incarcerated.

### 5(c) Miscarriage of justice

Further, petitioner cannot show that a "fundamental miscarriage of justice would result from a failure to entertain the claim." McCleskey, 499 U.S. at 495. This Court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. See also Coleman, 501 U.S. at 748; McCleskey, 499 U.S. at 502. Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schlup v. Delo, 115 S.Ct. at 868; Glass, 65 F.3d at 13. This is a stronger showing than is required to establish prejudice and is found only in a truly "extraordinary" case. Schlup, 115 S.Ct. at 864. Petitioner fails to allege the existence of any new evidence to support a claim of actual innocence.

### 6. **PETITIONER'S CLAIMS**[2]

**A.     State Law only permits 90 day sentences for contempt of court and I received 4 years (illegal sentence)**

The petitioner makes no allegation of a violation of federal law or the federal constitution. Instead it appears to be an attempt by petitioner for this court to make a ruling on what is strictly a state matter. Under the applicable state Domestic Relations statutes, a person held in contempt for failing to appear at a hearing can result in the imposition of imprisonment not to exceed six months. 23 Pa. C.S. § 4344 (1). Similarly, contempt for failing to comply with an order of the court can result in imprisonment for up to six months. 23 Pa. C.S. § 4345(1). In the two cases before the state court, it made findings of contempt for failing to appear and for contempt of three violations of the court's order to pay. The court imposed the maximum sentence and chose to run them consecutive. The court's decision to sentence within the bounds of the state statute and determination to run them consecutive is not a federal question and is not contrary to any requirement of the federal constitution. This issue lacks merit and should be denied.

**B.     I received an illegal sentence do to the fact I had no legal representation**.

These proceedings were civil in nature. The Sixth Amendment right to counsel only attaches in criminal prosecutions. U.S. Const., Amend VI. This does not end the inquiry. Due process requirements of the Fourteenth Amendment also need to be considered. In fact, the Erie County Court of Common Pleas made such a determination in Carnes v. Carnes, 7 Pa. D. &C 4th 4 (1990) relying on Matthews v. Eldridge, 420 U.S. 319 (1976), where the United States Supreme Court presented a balancing test including 1) the private interest to be affected, 2) the risk of erroneous deprivation of the interest through the procedures used and the probable value of additional procedural safeguards and 3) the governmental interest involved, to determine whether

---

[2] The defendant's claims have been typed verbatim.

constitutional due process protections are sufficient. 424 U.S. at 334-335. and where these factors were measured against the presumption that an indigent litigant has a right to appointed counsel only if he loses, he may be deprived of physical liberty. Lassiter v. Department of Social Services, 452 U.s. 18, 26-7, reh'g denied 453 U.S. 927 (1981).   The Commonwealth realizes the Pennsylvania Common Pleas Court decision is not binding precedent, but the United States Supreme Court cases cited are binding and the rationale is sound.  Although it appears the petitioner had a right to counsel at the time of the contempt hearing, the petitioner nonetheless is not entitled to relief.

The notice sent to petitioner advised him of his right to counsel and provided him with contact information to contact an attorney if he did not have one.  The notice further informed petitioner that if he was indigent, he could have an attorney appointed for him and provided the petitioner with the contact information for the public defender.  The petitioner failed to procure counsel.  In fact, the petitioner himself failed to appear at the scheduled contempt hearing. The petitioner's conduct effectively resulted in a forfeiture of his right to counsel.  While not exactly on point, the reasoning of Wilkerson v. Klem, 412 F.3d 449 (3d Cir. 2005) cert denied; 2006 U.S. LEXIS 2675, seems to be persuasive.  Klem provides state courts with a "basis to conclude" that certain obstructive conduct by a defendant may constitute a forfeiture of Sixth Amendment protections. 412 F.3d at 456.  What could be more obstructive to the court process than a voluntary decision of the defendant not to appear as directed.  When the petitioner failed to procure private counsel or claim indigency to obtain a court appointed counsel and then by his own volition absconded and did not appear, he forfeited his right to have counsel represent him at the hearing.

**8.** **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Commonwealth respectfully requests this Honorable Court enter an Order dismissing this petition.

Respectfully submitted,

S/Roger M. Bauer
Roger M. Bauer, Esq.
Assistant District Attorney