CA 05-156 E

**In the Court of Common Pleas of**      **Erie**      **County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

PAMELA HANKS                         :   **Docket Number  NS200300070**
           **Plaintiff**           :
Vs.                                     :
                                    :   **PACSES Case # 119105165**
KEVIN POUND                           :
           **Defendant**         :

## Order

**To the Warden of the Erie County Prison of Erie County Pennsylvania:**

Discharge out of your custody the body of the above-named individual, KEVIN POUND, if detained for no other cause than the above mentioned, and for so doing this shall be your sufficient warrant.

**BY THE COURT:**

_(signature)_

**JUDGE**

**DATE:** 6-9-05

Rev 08/2003

PAMELA L. HANKS                          :    IN THE COURT OF COMMON PLEAS
                                         :
vs.                                      :    OF ERIE COUNTY, PENNSYLVANIA
                                         :
KEVIN A. POUND                           :    DOCKET NUMBER: NS 200300070
                                         :    PACSES: 119105165

**ORDER**

     **AND NOW**, to wit, this 17th day of May, 2005, after a support contempt hearing in this matter on October 22, 2004 and the Defendant failing to appear, a bench warrant was issued and served on the Defendant on May 3, 2005.  The Court sentenced the Defendant to six months on four separate counts.

     It is hereby **ORDERED** that the sentence is amended to three months on each count to be served consecutively with all other sentences.

BY THE COURT:

MICHAEL E. DUNLAVEY, JUDGE

NOTICE WAS GIVEN TO EACH PARTY
OR COUNSEL OF RECORD ON May 17, 2005.

In the Court of Common Pleas of Erie County, Pennsylvania
Domestic Relations Section

PAMELA L. HANKS
**Plaintiff**
VS
KEVIN A. POUND    21237
**Defendant**

) Docket Number NS20030007)
)
) PACSES Case Number 119105165
)
) Other State ID Number

**Social Security Number:** 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

**Last Known Address:** 6 1/2 WALL ST #3
NORTHEAST PA 16428

**Employer/Last Known Employer:**

**DESCRIPTION: Race:** WHITE **Sex:** MALE
**Weight:** 175 Lbs    **D.O.B.:**    10/10/74
**Height:** 5'07"    **Eyes:** HAZEL
**Glasses:**    **Hair:** BROWN

**Unusual Characteristics:**

**BENCH WARRANT: Support Proceedings**

**To the Sheriff of Erie County and any other duly authorized Law Enforcement Agency:**

   **AND NOW, To-Wit,** this 3 November 2004, pursuant to Pennsylvania Rule of Civil Procedure Number 1910.13-1, a warrant is hereby issued authorizing and directing the arrest of KEVIN A. POUND for the purpose of incarceration.

**CORRECTED COMMITTMENT: Order of Court**

   As a result of the defendant's failure to appear and comply with the condition set forth in the Order of Court dated OCTOBER 22, 2004, and upon apprehension of the above named defendant, it is **Hereby Ordered, and Decreed** the defendant, KEVIN A. POUND, shall be incarcerated in the **Erie County Prison** for a period not to exceed TWO (2) YEARS, CONSECUTIVE TO NS200000484 or pay a purge of $2657.05, FOR THIS CASE and costs. The defendant is responsible for the payment of Sheriff fees incurred in this proceeding. While incarcerated, if checked, the programs listed are permitted.

✓ Work Release Permissible, if qualified

Furlough Program Permissible

**By The Court,**

_____
**Judge** MICHAEL E. DUNLAVEY

A TRUE COPY AS FILED:
ATTEST _Bridget DeSanti_
                    CLERK
MY COMMISSION EXPIRES 1/5/2006

**RELEASE:**

   I, _____, an enforcement officer from the Domestic Relations Section verify the above named defendant fulfilled the conditions set forth by satisfying the purge of $_____ or serving _____ months, as sentenced. Inasmuch as he/she is to be automatically released from prison, if there are no other outstanding warrants against him/her.

_____    _____
**Enforcement Officer**    **Date**

**A certified copy of the above warrant was delivered to the Erie County Sheriff on** _____ **by**

_____ **of the Erie County Domestic Relations Section.**
**DRS Worker**    **Rev 07/04**



SERVED

DATE _____ 5-3-05

RET'D TO C.C. _____ 5-3-05

COSTS _____ $60.—

DEPUTY _____

**In the Court of Common Pleas of**      ERIE      County, Pennsylvania
DOMESTIC RELATIONS SECTION

| | | |
|---|---|---|
| PAMELA L. HANKS | ) Order Number | NS200300070 |
| Plaintiff | ) | |
| vs. | ) PACSES Case Number | 119105165 |
| KEVIN A. POUND | ) Docket Number | NS200300070 |
| Defendant | ) Other State ID Number | |

## ORDER OF COURT
◯ Final    ◯ Interim    ⊗ Modified

**AND NOW,**    19TH DAY OF NOVEMBER, 2004    ,based upon the Court's determination that the Payee's monthly net income is $ 0.00    and the Payor's monthly net income is $ N/A    , it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit

TWO HUNDRED EIGHTY ONE DOLLARS & --------------------45/100

Dollars ($ 281.45    ) a month payable    MONTHLY    as follows: first payment due UPON RECEIPT OF ORDER

The effective date of the order is 03/25/04 .

Arrears set at $ 2,966.50    as of NOVEMBER 19, 2004 are due in full IMMEDIATELY. All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting, tax refund offset certification, driver's license revocation, and the freeze and seize of financial assets. These enforcement/collection mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

| Name | Birth Date |
|---|---|
| JACOB S. HANKS | 11/27/01 |

HANKS                    v.  POUND                    PACSES Case Number:  119105165

The defendant owes a total of $ 281.45        per month payable    MONTHLY        ;

$ 259.45        for current support and $ 22.00        for arrears.  The defendant must

also pay fees/costs as indicated below.  This order is allocated and monies are to be applied as

follows:

Frequency Codes:

| | | | |
|---|---|---|---|
| 1 = One Time | B = BiWeekly | 2 = Bi-Monthly | M = Monthly | Q = Quarterly |
| 5 = Semi-Annually | S = Semi-Monthly | A = Annually | W = Weekly | |

| Payment Amount/ Frequency | | Debt Type Description | Beneficiary |
|---|---|---|---|
| $ 259.45 | /M | CHILD SPT ALLOC    JACOB S. HANKS | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |

Said money to be turned over by the Pa SCDU to:

PAMELA L. HANKS                    . Payments must be made by check or

money order.  All checks and money orders must be made payable to Pa SCDU and mailed to:

Pa SCDU
P.O. Box 69110
Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number

in order to be processed.  Do not send cash by mail.

Service Type M

Form OE-518
Worker ID 25413

HANKS       v. POUND       PACSES Case Number: 119105165

Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows: 30 % by defendant and 70 % by plaintiff. The plaintiff is responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed medical expenses. ⃝ Defendant ⊗ Plaintiff ⃝ Neither party to provide medical insurance coverage. Within thirty (30) days after the entry of this order, the ⊗ Plaintiff ⃝ Defendant shall submit to the person having custody of the child(ren) written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of : 1) the name of the health care coverage provider(s); 2) any applicable identification numbers; 3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and 8) five copies of any claim forms.

Other Conditions:

```
ADMINISTRATIVE REVIEW OF PROVISIONS SET FORTH IN ORDER DATED 3/25/04,  HELD
THIS DATE, 11/19/04.    PURSUANT TO CONTEMPT COURT HELD ON 10/22/04 IN FRONT
OF JUDGE DUNLAVEY,   PRIOR ORDER OF COURT TO REMAIN IN FULL FORCE AND EFFECT.
```

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|---|---|---|---|
| $ 5.00 | for JUDICIAL COMPUTER FEE | Payable at $ 0.00 | per MONTH |
| $ 35.00 | for DOCKET FEE | Payable at $ 0.00 | per MONTH |
| $ 100.00 | for CONTEMPT PETITION FEE | Payable at $ 0.00 | per MONTH |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |

Service Type M

Form OE-518
Worker ID 25413

HANKS            v.  POUND            PACSES Case Number: 119105165

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING, BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY (ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN **ONE MONTH'S SUPPORT OBLIGATION** AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be arrested and brought before the Court for a Contempt hearing; payor's wages, salary, commissions, and/or income may be attached in accordance with law: this Order will be increased without further hearing by  15   % a month until all arrearages are paid in full. Payor is responsible for court costs and fees.

Copies delivered to parties 11/19/04          .

<div style="margin-left:3em">

**CONFERENCE OFFICER**

Consented:   **MICHAEL R. MIGDAL**
</div>

_____     _____
Plaintiff                                Plaintiff's Attorney


_____     _____
Defendant                                Defendant's Attorney

**BY THE COURT:**


PER CURIAM
_____
                                                      **Judge**

Form OE-518

Service Type M

**In the Court of Common Pleas of** **Erie** **County, Pennsylvania**
DOMESTIC RELATIONS SECTION

PAMELA L. HANKS                                 : Docket Number NS200300070
                    Plaintiff
VS.                                             : PACSES Case Number 119105165
KEVIN A. POUND
                    Defendant

                              Order

   **AND NOW** to wit, this 22nd day of October 2004,    after determination of appropriate service, and after hearing, it is hereby Ordered that the defendant, Kevin A. Pound, having failed to appear, is in contempt of court for his failure to:

✔ pay support          ✔ appear          ✔ report changes in employment/address

✔ respond to notices of non-compliance      participate in T.E.P.

   pay medical as ordered                    other

**AND** shall be incarcerated in the Erie County Prison for a period of two (2) years or a purge of $2657.05, for this case.

**ALSO ORDERED,** should the defendant pay purge and be released from incarceration, he shall not miss one single regular monthly payment or a bench warrant will be issued for his incarceration to serve the remainder of his sentence .

Sentence is:      CONCURRENT

          ✔ CONSECUTIVE      to Docket No. NS200000484.

**LET BENCH WARRANT ISSUE.** The summary of this case shall be part of the record of these proceedings.

**IT IS SO ORDERED,** upon the defendant's incarceration, he shall be eligible for work release, **but not eligible for furlough.**

**IT IS FURTHER ORDERED,** the defendant shall pay $50.00 in contempt fees and all costs outstanding. All court ordered lump sum payments, fees, and/or purges are payable to PASCDU at the Erie County Domestic Relations Section payment window, Erie County Courthouse, 140 West Sixth St, RM 6, Erie PA.

                    **BY THE COURT:**

                    _____
                    Michael E. Dunlavey              **JUDGE**


APPPEARANCES:

✔ Plaintiff        Defendant        Plaintiff's Attorney        Defendant's Attorney

Service Type M                                                revised 110503

**In the Court of Common Pleas of**     **ERIE**     **County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

| | | | |
|---|---|---|---|
| PAMELA L. HANKS | | ) Docket Number | NS200300070 |
| | Plaintiff | ) | |
| vs. | | ) PACSES Case Number | 119105165 |
| KEVIN A. POUND | | ) | |
| | Defendant | ) Other State ID Number | |

## ORDER OF COURT

**Legal proceedings have been brought against you alleging
you have wilfully disobeyed an Order of Court.**

    1.  If you wish to defend against the claim set forth in the following pages, you may, but are not required to, file in writing with the Court your defenses or objections.

    2.  You, KEVIN A. POUND                     , Respondent, must appear in person in court on  OCTOBER 22, 2004  , at  9:30AM  , in COURTROOM B- 208-JDG DUNLAVEY ERIE COUNTY COURTHOUSE, 140 WEST 6TH STREET, ERIE, PA. 16501-1032

**IF YOU DO NOT APPEAR IN PERSON, THE COURT MAY ISSUE A**

**WARRANT FOR YOUR ARREST AND YOU MAY BE COMMITTED TO JAIL.**

    3.  If the Court finds that you have wilfully failed to comply with its order you may be found to be in contempt of court and committed to jail, fined, or both.

REGULAR MAIL 2/21/04
TO SHERI 9/21/04
CERTIF
CLERK'S INITIALS MVP

Service Type M

Form EN-528
Worker ID 25500



**YOU HAVE A RIGHT TO AN ATTORNEY AT THIS HEARING. HOWEVER, THE JUDGE WILL PROCEED WITH YOUR CASE WHETHER OR NOT YOU HAVE AN ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:**

<div align="center">

**Lawyers Referral Service**
**501 Sassafras Street**
**Erie, Pennsylvania 16507**
**(814) 459-3111**

</div>

**IF YOU CANNOT AFFORD AN ATTORNEY AND MEET CERTAIN FINANCIAL ELIGIBILITY REQUIREMENTS, AN ATTORNEY WILL BE APPOINTED FOR YOU. YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO SCHEDULE A FINANCIAL ELIGIBILITY INTERVIEW.**

<div align="center">

**Public Defender's Office**
**509 Sassafras Street**
**Erie, Pennsylvania 16507**
**(814) 451-6322**

</div>

<div align="center">

**AMERICANS WITH DISABILITIES ACT OF 1990**

</div>

The Court of Common Pleas of        ERIE        County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact our office at: (814) 451-6151. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled hearing.

<div align="right">

**BY THE COURT:**

</div>

Date of Order:    September 21, 2004

<div align="right">

*ELIZABETH K. KELLY*
**JUDGE**

</div>



### In the Court of Common Pleas of      ERIE      County, Pennsylvania
### DOMESTIC RELATIONS SECTION

| | | |
|---|---|---|
| PAMELA L. HANKS | ) Docket Number | NS200300070 |
| Plaintiff | ) | |
| vs. | ) PACSES Case Number | 119105165 |
| KEVIN A. POUND | ) | |
| Defendant | ) Other State ID Number | |

## PETITION FOR CONTEMPT - DEFENDANT

### TO THE HONORABLE, THE JUDGES OF SAID COURT:

1. Petitioner is      ERIE      County Domestic Relations Section.

2. Defendant is      KEVIN A. POUND      who resides at
   APT 3, 6 1/2 WALL ST, NORTH EAST, PA. 16428-1208-06

3. On   APRIL 26, 2004   an order of support was entered by the Honorable Court
   directing Defendant to pay the sum of $ 281.45    per month for the support of
   his/her dependent(s).

4. Defendant has failed to comply with the order as entered by the Court by failing to:

   ☒ pay as ordered.
   ☒ provide information which was ordered.
   ☒ appear as ordered.
   ☒ other:
        Defendant failed to respond to notices of Non-Compliance.

5. The arrearages under the Order amount to $ 2,480.19    as of SEPTEMBER 9, 200

**WHEREFORE,** Petitioner prays that the Court issue an order directing the attendance

of Defendant at a hearing of said Petition and hereafter to make an adjudication of contempt.

I verify that the statements made in this Petition are true and correct to the best of my

knowledge. I understand that false statements herein are made to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

| | |
|---|---|
| SEPTEMBER 9, 2004 | GEOFFREY WILLETT |
| Date | Signature |

Service Type M

Form EN-007
Worker ID 25520

Pamela L. Hanks
**PLAINTIFF**

     VS
Kevin A. Pound
**DEFENDANT**

**IN THE COURT OF COMMON PLEAS**

**OF ERIE COUNTY, PENNSYLVANIA**

**FAMILY COURT DIVISION**
**DOCKET NUMBER**: NS2003000070
**PACSES CASE ID**: 119105165

**TO:    THE WARDEN OF THE ERIE COUNTY PRISON**

## ORDER

AND NOW, this 24th day of May, 2004,  it is hereby **ORDERED,** that the Defendant's sentence imposed by the Court on the March 3rd 2004 shall be suspended because of the Defendant's good behavior, payment of rent, costs, fees, support and participation in the Father's Workshop during the last sixty (60) days.

It is further **ORDERED** that the Defendant shall continue to pay support in the amount of $281.45 **per month** as previously ordered and attend the Father's Workshop until November 24th 2004, for a total of six (6) months.  Failure to comply with this order will result in the issuance of a petition for contempt of court for failing to comply with the provisions of the Furlough Program.

Elizabeth K. Kelly, Judge

JUDGE

Rev 04/03

**In the Court of Common Pleas of**     ERIE     County, Pennsylvania
**DOMESTIC RELATIONS SECTION**

| | | |
|---|---|---|
| PAMELA L. HANKS | ) Order Number | NS200300070 |
| Plaintiff | ) | |
| vs. | ) PACSES Case Number | 119105165 |
| KEVIN A. POUND | ) Docket Number | NS200300070 |
| Defendant | ) Other State ID Number | |

## ORDER OF COURT
◯ Final    ◯ Interim   ⊗ Modified

     **AND NOW,**    26TH DAY OF APRIL, 2004      ,based upon the Court's determination that the Payee's monthly net income is $ 2076.00     and the Payor's monthly net income is $ 879.43     , it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit

       TWO HUNDRED EIGHTY ONE DOLLARS & -------------------45/100

Dollars ($ 281.45    ) a month payable    MONTHLY    as follows: first payment due UPON RECEIPT OF ORDER.

The effective date of the order is 03/25/04 .

     Arrears set at $ 1695.50    as of    APRIL 26, 2004    are due in full **IMMEDIATELY.** All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting, tax refund offset certification, driver's license revocation, and the freeze and seize of financial assets. These enforcement/collection mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

| Name | Birth Date |
|---|---|
| JACOB S. HANKS | 11/27/01 |

Form OE-518
Worker ID 25413

Service Type M

HANKS                    v. POUND                    PACSES Case Number: 119105165

The defendant owes a total of $ 281.45        per month payable    MONTHLY      ;

$ 259.45        for current support and $ 22.00        for arrears.  The defendant must

also pay fees/costs as indicated below.  This order is allocated and monies are to be applied as

follows:

| Frequency Codes: | 1 = One Time<br>5 = Semi-Annually | B = BiWeekly<br>S = Semi-Monthly | 2 = Bi-Monthly<br>A = Annually | M = Monthly<br>W = Weekly | Q = Quarterly |
|---|---|---|---|---|---|

| Payment Amount/<br>Frequency | | Debt Type Description | | Beneficiary | |
|---|---|---|---|---|---|
| $ 259.45 | /M | CHILD SPT ALLOC | JACOB S. HANKS | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |
| $ 0.00 | / | | | | |

Said money to be turned over by the Pa SCDU to:

PAMELA L. HANKS                    . Payments must be made by check or

money order.  All checks and money orders must be made payable to Pa SCDU and mailed to:

Pa SCDU
P.O. Box 69110
Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number

in order to be processed.  Do not send cash by mail.

Service Type M                                   Form OE-518
                                                 Worker ID 25413

HANKS            v. POUND                 PACSES Case Number: 119105165

Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows:  30  % by defendant and  70  % by plaintiff.  The plaintiff is responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed medical expenses.  ◯ Defendant ⊗ Plaintiff ◯ Neither party to provide medical insurance coverage.  Within thirty (30) days after the entry of this order, the  ⊗ Plaintiff  ◯ Defendant shall submit to the person having custody of the child(ren) written proof that medical insurance coverage has been obtained or that application for coverage has been made.  Proof of coverage shall consist, at a minimum, of :  1) the name of the health care coverage provider(s);  2) any applicable identification numbers;  3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and  8) five copies of any claim forms.

Other Conditions:

ORDER MODIFIED TO $145.41/MONTH FOR 1 MINOR CHILD + $114.04/MONTH TOWARDS DAY CARE EXPENSES, EFFECTIVE 3/25/04.   FURTHER,  CASE TO BE REVIEWED IN OCTOBER 2004 TO REVIEW BOTH PARTIES INCOME AND INSURANCE FOR CHILD, JACOB.

PLAINTIFF IS TO CONTINUE TO CARRY MEDICAL COVERAGE FOR THE MINOR CHILD.

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|-----------|-----------------|-------------------|---|
| $ 5.00  | for JUDICIAL COMPUTER FEE | Payable at $ 0.00 | per MONTH |
| $ 35.00 | for DOCKET FEE | Payable at $ 0.00 | per MONTH |
| $ 50.00 | for CONTEMPT PETITION FEE | Payable at $ 0.00 | per MONTH |
| $ 0.00  | for | Payable at $ 0.00 | per |
| $ 0.00  | for | Payable at $ 0.00 | per |

Service Type M

Form OE-518
Worker ID 25413

HANKS  POUND          PACSES Case Number: 119105165

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING, BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY (ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN **ONE MONTH'S SUPPORT OBLIGATION** AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be arrested and brought before the Court for a Contempt hearing; payor's wages, salary, commissions, and/or income may be attached in accordance with law; this Order will be increased without further hearing by 15 % a month until all arrearages are paid in full. Payor is responsible for court costs and fees.

Copies delivered to parties 04/26/04 .

CONFERENCE OFFICER
Consented: MICHAEL R. MIGDAL

_Amela A Hanks_
Plaintiff                                                    _____
                                                             Plaintiff's Attorney

_Kevin A Pound_
Defendant                                                    _____
                                                             Defendant's Attorney

## BY THE COURT:

PER CURIAM
_____
                                                                          **Judge**

**In the Court of Common Pleas of**     **Erie**     **County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

Pamela L Hanks
_____
Plaintiff

Vs.
Kevin A Rawid
_____
Defendant

S.S. No. 18 4-56-5736

) Docket Number NS200300070
)
) PACSES Case Number 119105145
)
) Other State ID Number

## Order

    **AND NOW** to wit, this    1ST day of March, 2004,        it is hereby Ordered that:
after hearing, the defendant is found in contempt of court for willfully failing to:

| | | | |
|---|---|---|---|
| ✓ | pay support as ordered | ___ | honor agreement(s) |
| ___ | appear as ordered/respond to notices | ✓ | report changes in employment/ address/income |
| ___ | participate in TEP | ___ | other _____ |

It is hereby ordered, adjudged and decreed that   Kevin A Rawid
shall be incarcerated in the Erie County Prison for a period of _____ 4 _____ (month(s))/days or
a purge in the amount of $ 2573 96 (2 cases) combined _____.

   ✓    Defendant shall be eligible for work release.

   ✓    Defendant shall be eligible for suspended sentence after 60 days providing (s)he has:

      ✓    Complied with the rules and regulations of the Work Release Program;

      ✓    Maintained regular support payments for 60 day;

      ✓    Participated in the Parent's Workshop while in Work Release and will continue to do so for a total of six (6) months.

Other conditions as follows:

Consecutive to NS200000484/635102016

It is further ordered, adjudged and decreed the defendant shall pay $50.00 in contempt fees and all costs of prosecution to the Erie County Domestic Relations, Support Finance Office.

         By the court,

         Stephanie Domitrovich     JUDGE



## In the Court of Common Pleas of ERIE County, Pennsylvania
### DOMESTIC RELATIONS SECTION

| | |
|---|---|
| PAMELA L. HANKS | ) Docket Number NS200300070 |
| Plaintiff | ) |
| vs. | ) PACSES Case Number 119105165 |
| KEVIN A. POUND | ) |
| Defendant | ) Other State ID Number |

## ORDER OF COURT

**Legal proceedings have been brought against you alleging
you have wilfully disobeyed an Order of Court.**

1.  If you wish to defend against the claim set forth in the following pages, you may, but are not required to, file in writing with the Court your defenses or objections.

2.  You, KEVIN A. POUND                                , Respondent, must appear in person in court on    MARCH 1, 2004    , at    9:30AM , in COURTROOM G - 222-DOMITROVICH
ERIE COUNTY COURTHOUSE, 140 WEST 6TH STREET, ERIE, PA. 16501-1032

**IF YOU DO NOT APPEAR IN PERSON, THE COURT MAY ISSUE A
WARRANT FOR YOUR ARREST AND YOU MAY BE COMMITTED TO JAIL.**

3.  If the Court finds that you have wilfully failed to comply with its order you may be found to be in contempt of court and committed to jail, fined, or both.

PERSONALLY SERVED

REGULAR MAIL_____
TO SHERIFF_____
CERTIFIED MAIL_____
CLERK'S INITIALS_____

Service Type M

Form EN-528
Worker ID  25500

YOU HAVE A RIGHT TO AN ATTORNEY AT THIS HEARING. HOWEVER, THE JUDGE WILL PROCEED WITH YOUR CASE WHETHER OR NOT YOU HAVE AN ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

<div align="center">

Lawyers Referral Service
501 Sassafras Street
Erie, Pennsylvania 16507
(814) 459-3111

</div>

IF YOU CANNOT AFFORD AN ATTORNEY AND MEET CERTAIN FINANCIAL ELIGIBILITY REQUIREMENTS, AN ATTORNEY WILL BE APPOINTED FOR YOU. YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO SCHEDULE A FINANCIAL ELIGIBILITY INTERVIEW.

<div align="center">

Public Defender's Office
509 Sassafras Street
Erie, Pennsylvania 16507
(814) 451-6322

</div>

<div align="center">

## AMERICANS WITH DISABILITIES ACT OF 1990

</div>

The Court of Common Pleas of        ERIE        County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact our office at: (814) 451-6151. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled hearing.

<div align="center">

**BY THE COURT:**

</div>

Date of Order: _____FEBRUARY  03, 2004_____        *JUDGE ELIZABETH KELLY*
                                                                  **JUDGE**

Service Type M                                                    Contempt Signature Page

**In the Court of Common Pleas of**      ERIE      **County, Pennsylvania**

**DOMESTIC RELATIONS SECTION**

| | | |
|---|---|---|
| PAMELA L. HANKS | ) Docket Number | NS200300070 |
| Plaintiff | ) | |
| vs. | ) PACSES Case Number | 119105165 |
| KEVIN A. POUND | ) | |
| Defendant | ) Other State ID Number | |

## PETITION FOR CONTEMPT - DEFENDANT

### TO THE HONORABLE, THE JUDGES OF SAID COURT:

1. Petitioner is      ERIE      County Domestic Relations Section.

2. Defendant is      KEVIN A. POUND      who resides at
   PO BOX 105, RIPLEY, NY. 14775-0105-05

3. On FEBRUARY 24, 2003 an order of support was entered by the Honorable Court directing Defendant to pay the sum of $329.67 per month for the support of his/her dependent(s).

4. Defendant has failed to comply with the order as entered by the Court by failing to:

   ☒ pay as ordered.
   ☐ provide information which was ordered.
   ☐ appear as ordered.
   ☒ other:
        Respond to non-compliance notice.

5. The arrearages under the Order amount to $1,116.73 as of FEBRUARY 3, 2004

**WHEREFORE,** Petitioner prays that the Court issue an order directing the attendance of Defendant at a hearing of said Petition and hereafter to make an adjudication of contempt.

I verify that the statements made in this Petition are true and correct to the best of my knowledge. I understand that false statements herein are made to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_2/3/04_
Date

YVONNE N GEORGE
Signature

Service Type M

Form EN-007
Worker ID 25405

**In the Court of Common Pleas of** ERIE County, Pennsylvania
**DOMESTIC RELATIONS SECTION**

| | |
|---|---|
| PAMELA L. HANKS | ) Order Number    NS200300070 |
| Plaintiff | ) |
| vs. | ) PACSES Case Number  119105165 |
| KEVIN A. POUND | ) Docket Number    NS200300070 |
| Defendant | ) Other State ID Number |

## ORDER OF COURT
(x) **Final** ◯ **Interim** ◯ **Modified**

**AND NOW,**   24TH DAY OF FEBRUARY, 2003   ,based upon the Court's determination that the Payee's monthly net income is $ 2537.74   and the Payor's monthly net income is $ 1,455.87   , it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit

THREE HUNDRED TWENTY NINE DOLLARS & ----------------------67/100

Dollars ($ 329.67   ) a month payable   MONTHLY   as follows: first payment due UPON RECEIPT OF THIS ORDER.

The effective date of the order is 01/09/03 .

Arrears set at $ 655.34   as of   FEBRUARY 24, 2003   are due in full IMMEDIATELY. All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting, tax refund offset certification, driver's license revocation, and the freeze and seize of financial assets. These enforcement/collection mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

| Name | Birth Date |
|---|---|
| JACOB S. HANKS | 11/27/01 |

Form OE-518
Worker ID 25413

HANKS              v.  POUND                    PACSES Case Number:  119105165

The defendant owes a total of $ 329.67        per month payable    MONTHLY       ;

$ 307.67         for current support and $ 22.00         for arrears.  The defendant must

also pay fees/costs as indicated below.  This order is allocated and monies are to be applied as

follows:

| Frequency Codes: | 1 = One Time<br>5 = Semi-Annually | B = BiWeekly<br>S = Semi-Monthly | 2 = Bi-Monthly<br>A = Annually | M = Monthly<br>W = Weekly | Q = Quarterly |
|---|---|---|---|---|---|

| Payment Amount/<br>Frequency | | Debt Type Description | Beneficiary |
|---|---|---|---|
| $ 307.67 | /M | CHILD SPT ALLOC    JACOB S. HANKS | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |
| $ 0.00 | / | | |

Said money to be turned over by the Pa SCDU to:

PAMELA L. HANKS              . Payments must be made by check or

money order.  All checks and money orders must be made payable to Pa SCDU and mailed to:

Pa SCDU
P.O. Box 69110
Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number

in order to be processed.  Do not send cash by mail.

Service Type M                                          Form OE-518
                                                         Worker ID 25413

HANKS                    v.  POUND                    PACSES Case Number:  119105165

Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows:  37  % by defendant and  63  % by plaintiff.  The plaintiff is responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed medical expenses.  ◯ Defendant ⊗ Plaintiff ◯ Neither party to provide medical insurance coverage.  Within thirty (30) days after the entry of this order, the  ⊗ Plaintiff

◯ Defendant shall submit to the person having custody of the child(ren) written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of :  1) the name of the health care coverage provider(s);  2) any applicable identification numbers;  3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and  8) five copies of any claim forms.

Other Conditions:

AGREEMENT BETWEEN BOTH PARTIES DIRECTING $273.63/MONTH FOR 1 MINOR CHILD PLUS $33.37/MONTH TOWARDS DAY CARE EXPENSES,  EFFECTIVE 1/9/03. FURTHER,  DEFENDANT TO PAY $22.00/MONTH TOWARDS ARREARS.

PLAINTIFF IS TO CONTINUE TO CARRY MEDICAL COVERAGE IF/WHEN IT BECOMES AVAILABLE AT A REASONABLE COST.

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|---|---|---|---|
| $ 5.00 | for JUDICIAL COMPUTER FEE | Payable at $ 0.00 | per MONTH |
| $ 35.00 | for DOCKET FEE | Payable at $ 0.00 | per MONTH |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |

Service Type M

Form OE-518
Worker ID 25413

HANKS                    v.  POUND                    PACSES Case Number:   119105165

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING, BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES.  IF YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY (ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN ONE MONTH'S SUPPORT OBLIGATION AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be arrested and brought before the Court for a Contempt hearing; payor's wages, salary, commissions, and/or income may be attached in accordance with law; this Order will be increased without further hearing by 15   % a month until all arrearages are paid in full. Payor is responsible for court costs and fees.

Copies delivered to parties  022403                                    .
                                    Date

Consented:   **CONFERENCE OFFICER**
             **MICHAEL R. MIGDAL**
*Pamela L. Hanks*
Plaintiff                                    Plaintiff's Attorney

*Kevin Pound*
Defendant                                    Defendant's Attorney

                                             **BY THE COURT:**


                                             PER CURIAM
                                                                **Judge**

Service Type M                                 Form OE-518
                                               Worker ID 25413

**In the Court of Common Pleas of          Erie          County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

CHRISTINE STROKER                                    :   **Dockct Number**  NS200000484
                                    **Plaintiff**        :
Vs.                                                  :   **PACS ES Case #** 635102016
KEVIN POUND                                          :
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                                          :
                                    **Defendant**        :   *ON This*
                                                     :   *CASE*
                                                         *On ly*

                                    <u>Order</u>

**To the Warden of the Erie County Prison of Erie County Pennsylvania:**

Discharge out of your custody the body of the above-named individual, KEVIN POUND, if detained for no other cause than the above mentioned, and for so doing this shall be your sufficient warrant.

**BY THE COURT:**

**ELIZABETH KELLY, PRESIDENT JUDGE**

**DATE:**

A TRUE COPY AS FILED:
ATTEST
DRS DEPUTY CLERK
MY COMMISSION EXPIRES 1/5/2009      Rev 08/2003

CHRISTINE D. STROKER    : IN THE COURT OF COMMON PLEAS

vs.    : OF ERIE COUNTY, PENNSYLVANIA

KEVIN A. POUND    : DOCKET NUMBER: NS 200000484
    : PACSES: 635102016

2005 MAY 18 P 3: 40


## ORDER


    **AND NOW**, to wit, this 17th day of May, 2005, after a support contempt hearing in this matter on October 22, 2004 and the Defendant failing to appear, a bench warrant was issued and served on the Defendant on May 3, 2005. The Court sentenced the Defendant to six months on two separate counts.

    It is hereby **ORDERED** that the sentence is amended to three months on each count to be served consecutively with all other sentences.


BY THE COURT:

MICHAEL E. DUNLAVEY, JUDGE


NOTICE WAS GIVEN TO EACH PARTY
OR COUNSEL OF RECORD on May 17, 2005.

H:\Judges Secretaries\Rpetrucci\My Documents\ORDERS-MED\CONTEMPTS\Pound 5-16-05 (2).doc

In the Court of Common Pleas of Erie County, Pennsylvania
Domestic Relations Section

| | |
|---|---|
| CHRISTINE D. STROKER | ) Docket Number  NS200000484       *5.2.7* |
| **Plaintiff** | ) |
| VS | ) PACSES Case Number  635102016 |
| KEVIN A. POUND | ) |
| **Defendant** | ) Other State ID Number |

**Social Security Number:** 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

**DESCRIPTION:** Race: WHITE  Sex:  MALE

**Weight:** 175 Lbs  **D.O.B :** 10/10/74

**Last Known Address:** 6 1/2 WALL ST #3
NORTHEAST PA 16428
BROWN

**Height:** 5'07"  **Eyes:** HAZEL
**Glasses:**  **Hair:**

**Unusual Characteristics:**

**Employer/Last Known Employer:**

### BENCH WARRANT: Support Proceedings

**To the Sheriff of Erie County and any other duly authorized Law Enforcement Agency:**

   **AND NOW,** To-Wit, this 3 November 2004, pursuant to Pennsylvania Rule of Civil Procedure Number 1910.13-1, a warrant is hereby issued authorizing and directing the arrest of KEVIN A. POUND for the purpose of incarceration.

### CORRECTED COMMITMENT: Order of Court

   As a result of the defendant's failure to appear and comply with the condition set forth in the Order of Court dated OCTOBER 22, 2004, and upon apprehension of the above named defendant, it is **Hereby Ordered, and Decreed** the defendant, KEVIN A. POUND, shall be incarcerated in the **Erie County Prison** for a period not to exceed TWO (2) YEARS, or pay a purge of $2157.75, FOR THIS CASE and costs. The defendant is responsible for the payment of Sheriff fees incurred in this proceeding. While incarcerated, if checked, the programs listed are permitted.

✓Work Release Permissible, if qualified

Furlough Program Permissible

A TRUE COPY AS FILED:

ATTEST: *Margit DeSanty*
CLERK
MY COMMISSION EXPIRES 1/3/2005

**By The Court,**

_____
**Judge** MICHAEL E. DUNLAVEY

**RELEASE:**

   I, _____, an enforcement officer from the Domestic Relations Section verify the above named defendant fulfilled the conditions set forth by satisfying the purge of $ _____ or serving _____ months, as sentenced. Inasmuch as he/she is to be automatically released from prison, if there are no other outstanding warrants against him/her.

_____
**Enforcement Officer**                    **Date**

A certified copy of the above warrant was delivered to the Erie County Sheriff on _____ by

_____ of the Erie County Domestic Relations Section.
**DRS Worker**

**Rev 07/04**

CHRISTINE D. STROKER　　　　　　　　　: IN THE COURT OF COMMON PLEAS

vs.　　　　　　　　　　　　　　　　　　　: OF ERIE COUNTY, PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　:
KEVIN A. POUND　　　　2005 MAY 18 P 3: 40 DOCKET NUMBER: NS 200000484
　　　　　　　　　　　　　　　　　　　　　: PACSES: 635102016

## ORDER

　　　　**AND NOW**, to wit, this 17th day of May, 2005, after a support contempt hearing in this matter on October 22, 2004 and the Defendant failing to appear, a bench warrant was issued and served on the Defendant on May 3, 2005. The Court sentenced the Defendant to six months on two separate counts.

　　　　It is hereby **ORDERED** that the sentence is amended to three months on each count to be served consecutively with all other sentences.

　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　MICHAEL E. DUNLAVEY, JUDGE

NOTICE WAS GIVEN TO EACH PARTY
OR COUNSEL OF RECORD on May 17, 2005.

**In the Court of Common Pleas of          Erie          County, Pennsylvania**
### DOMESTIC RELATIONS SECTION

CHRISTINE D. STROKER                        : Docket Number NS200000484
                    Plaintiff

VS.                                                         : PACSES Case Number 635102016
KEVIN A. POUND
                        Defendant

<u>**Order**</u>

  **AND NOW** to wit. this 22nd day of October 2004,          after determination of appropriate service, and after hearing, it is hereby Ordered that the defendant, Kevin A. Pound, having failed to appear, is in contempt of court for his failure to:

- ✔ pay support          ✔ appear          ✔ report changes in employment/address

- ✔ respond to notices of non-compliance          participate in T.E.P.

- pay medical as ordered          other

**AND** shall be incarcerated in the Erie County Prison for a period of two (2) years or a purge of $2157.75, for this case.

**ALSO ORDERED,** should the defendant pay purge and be released from incarceration, he shall not miss one single regular monthly payment or a bench warrant will be issued for his incarceration to serve the remainder of his sentence .

**LET BENCH WARRANT ISSUE.** The summary of this case shall be part of the record of these proceedings.

**IT IS SO ORDERED,** upon the defendant's incarceration, he shall be eligible for work release, **but not eligible for furlough.**

**IT IS FURTHER ORDERED,** the defendant shall pay $50.00 in contempt fees and all costs outstanding. All court ordered lump sum payments, fees, and/or purges are payable to PASCDU at the Erie County Domestic Relations Section payment window, Erie County Courthouse, 140 West Sixth St, RM 6, Erie PA.

**BY THE COURT:**

_____          _____
Michael E. Dunlavey                                          **JUDGE**

APPPEARANCES:

- ✔ Plaintiff          Defendant          Plaintiff's Attorney          Defendant's Attorney

Service Type M                                                                              revised 110503

**In the Court of Common Pleas of**        ERIE        **County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

CRISTINE D. STROKER                          ) Docket Number        NS200000484
                          Plaintiff           )
vs.                                           ) PACSES Case Number   635102016
KEVIN A. POUND                                )
                          Defendant           ) Other State ID Number


## ORDER OF COURT


**Legal proceedings have been brought against you alleging**
**you have wilfully disobeyed an Order of Court.**


     1.   If you wish to defend against the claim set forth in the following pages, you may,
but are not required to, file in writing with the Court your defenses or objections.


     2.  You, KEVIN A. POUND                          , Respondent, must
appear in person in court on  OCTOBER 22, 2004  , at   9:30AM , in
COURTROOM B- 208-JDG DUNLAVEY
ERIE COUNTY COURTHOUSE, 140 WEST 6TH STREET, ERIE, PA. 16501-1032


**IF YOU DO NOT APPEAR IN PERSON, THE COURT MAY ISSUE A**

**WARRANT FOR YOUR ARREST AND YOU MAY BE COMMITTED TO JAIL.**


     3.  If the Court finds that you have wilfully failed to comply with its order you may be
found to be in contempt of court and committed to jail, fined, or both.


REGULAR MAIL  _9/21/04_
TO SHERIFF  _9/21/04_
CERTIFIED MAIL
CLERK'S INITIALS  _MVD_

Service Type M

Form EN-528
Worker ID  25500

**YOU HAVE A RIGHT TO AN ATTORNEY AT THIS HEARING. HOWEVER, THE JUDGE WILL PROCEED WITH YOUR CASE WHETHER OR NOT YOU HAVE AN ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:**

**Lawyers Referral Service**
**501 Sassafras Street**
**Erie, Pennsylvania 16507**
**(814) 459-3111**

**IF YOU CANNOT AFFORD AN ATTORNEY AND MEET CERTAIN FINANCIAL ELIGIBILITY REQUIREMENTS, AN ATTORNEY WILL BE APPOINTED FOR YOU. YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO SCHEDULE A FINANCIAL ELIGIBILITY INTERVIEW.**

**Public Defender's Office**
**509 Sassafras Street**
**Erie, Pennsylvania 16507**
**(814) 451-6322**

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of        ERIE        County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact our office at: (814) 451-6151. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled hearing.

**BY THE COURT:**

Date of Order:   September 21, 2004        *ELIZABETH K. KELLY*
                                                **JUDGE**

**In the Court of Common Pleas of**           **ERIE**           County, Pennsylvania
**DOMESTIC RELATIONS SECTION**

CRISTINE D. STROKER                     ) Docket Number         NS200000484
                    Plaintiff           )
vs.                                     ) PACSES Case Number  635102016
KEVIN A. POUND                          )
                    Defendant           ) Other State ID Number

## PETITION FOR CONTEMPT - DEFENDANT

### TO THE HONORABLE, THE JUDGES OF SAID COURT:

1. Petitioner is          ERIE          County Domestic Relations Section.

2. Defendant is          KEVIN A. POUND                who resides at
   APT 3, 6 1/2 WALL ST, NORTH EAST, PA. 16428-1208-06

3. On   APRIL 26, 2004   an order of support was entered by the Honorable Court
   directing Defendant to pay the sum of $ 234.46        per month for the support of
   his/her dependent(s).

4. Defendant has failed to comply with the order as entered by the Court by failing to:

   ☒ pay as ordered.
   ☒ provide information which was ordered.
   ☒ appear as ordered.
   ☒ other:
      Defendant has failed to respond to notices of
      Non-Compliance.

5. The arrearages under the Order amount to $ 2,010.49      as of SEPTEMBER 16, 2004

**WHEREFORE,** Petitioner prays that the Court issue an order directing the attendance

of Defendant at a hearing of said Petition and hereafter to make an adjudication of contempt.

I verify that the statements made in this Petition are true and correct to the best of my

knowledge. I understand that false statements herein are made to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

SEPTEMBER 16, 2004                     GEOFFREY WILLETT
Date                                   Signature

Service Type M                         Form EN-007
                                       Worker ID 25520

Cristine D. Stroker
**PLAINTIFF**

      VS
Kevin A. Pound
**DEFENDANT**

**IN THE COURT OF COMMON PLEAS**

**OF ERIE COUNTY, PENNSYLVANIA**

**FAMILY COURT DIVISION**
**DOCKET NUMBER**: NS200000484
**PACSES CASE ID**: 635102016

**TO:**    **THE WARDEN OF THE ERIE COUNTY PRISON**

<u>**ORDER**</u>

    AND NOW, this 24th day of May, 2004, it is hereby **ORDERED,** that the Defendant's sentence imposed by the Court on the March 3rd 2004 shall be suspended because of the Defendant's good behavior, payment of rent, costs, fees, support and participation in the Father's Workshop during the last sixty (60) days.

    It is further **ORDERED** that the Defendant shall continue to pay support in the amount of $234.46 **per month** as previously ordered and attend the Father's Workshop until November 24th 2004, for a total of six (6) months. Failure to comply with this order will result in the issuance of a petition for contempt of court for failing to comply with the provisions of the Furlough Program.



Elizabeth K. Kelly, Judge   JUDGE

Rev 04/03

**In the Court of Common Pleas of** ERIE **County, Pennsylvania**
DOMESTIC RELATIONS SECTION

CRISTINE D. STROKER
          Plaintiff

vs.

KEVIN A. POUND
          Defendant

) Order Number      NS200000484
)
) PACSES Case Number 635102016
) Docket Number    NS200000484
) Other State ID Number

## ORDER OF COURT
◯ Final ◯ Interim ⓧ Modified

**AND NOW,** 26TH DAY OF APRIL, 2004 ,based upon the Court's determination that the Payee's monthly net income is $ 1922.13 and the Payor's monthly net income is $ 879.43 , it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit

TWO HUNDRED THIRTY FOUR DOLLARS & --------------------46/100

Dollars ($ 234.46 ) a month payable MONTHLY as follows: first payment due UPON RECEIPT OF ORDER.

The effective date of the order is 03/25/04 .

Arrears set at $ 1426.79 as of APRIL 26, 2004 are due in full IMMEDIATELY. All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting, tax refund offset certification, driver's license revocation, and the freeze and seize of financial assets. These enforcement/collection mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

| Name | Birth Date |
|------|-----------|
| ANDREW B. POUND | 10/02/99 |

Form OE-518
Worker ID 25413

STROKER          v.  POUND                    PACSES Case Number:  635102016

The defendant owes a total of $234.46       per month payable   MONTHLY      ;

$196.96       for current support and $37.50       for arrears.  The defendant must

also pay fees/costs as indicated below.  This order is allocated and monies are to be applied as

follows:

| Frequency Codes: | 1 = One Time<br>5 = Semi-Annually | B = BiWeekly<br>S = Semi-Monthly | 2 = Bi-Monthly<br>A = Annually | M = Monthly<br>W = Weekly | Q = Quarterly |

| Payment Amount/<br>Frequency | Debt Type Description | Beneficiary |
|---|---|---|
| $196.96 /M | CHILD SPT ALLOC    ANDREW B. POUND | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |
| $0.00 / | | |

Said money to be turned over by the Pa SCDU to:

CRISTINE D. STROKER          . Payments must be made by check or

money order.  All checks and money orders must be made payable to Pa SCDU and mailed to:

Pa SCDU
P.O. Box 69110
Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number

in order to be processed.  Do not send cash by mail.

Service Type M                                          Form OE-518
                                                        Worker ID 25413

STROKER                    v.  POUND                    PACSES Case Number:  635102016

Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows:  30  % by defendant and  70  % by plaintiff.  The plaintiff is responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed medical expenses.  ○ Defendant ⊗ Plaintiff ○ Neither party to provide medical insurance coverage.  Within thirty (30) days after the entry of this order, the   ⊗ Plaintiff  ○ Defendant shall submit to the person having custody of the child(ren) written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of :  1) the name of the health care coverage provider(s);  2)  any applicable identification numbers;  3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and  8) five copies of any claim forms.

Other Conditions:

ORDER MODIFIED TO $144.64/MONTH FOR 1 MINOR CHILD + $52.32/MONTH TOWARDS
DAY CARE EXPENSES,  EFFECTIVE 3/25/04.

PLAINTIFF IS TO CONTINUE TO CARRY MEDICAL COVERAGE FOR THE MINOR CHILD.

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | | |
|---|---|---|---|---|
| $ 5.00 | for JUDICIAL COMPUTER FEE | Payable at $ 0.00 | per MONTH | |
| $ 35.00 | for DOCKET FEE | Payable at $ 0.00 | per MONTH | |
| $ 50.00 | for CONTEMPT PETITION FEE | Payable at $ 0.00 | per MONTH | |
| $ 0.00 | for | Payable at $ 0.00 | per | |
| $ 0.00 | for | Payable at $ 0.00 | per | |

Form OE-518
Service Type M                                                         Worker ID 25413

STROKER                    v.  POUND                    PACSES Case Number:  635102016

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING, BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY (ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN **ONE MONTH'S SUPPORT OBLIGATION** AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be arrested and brought before the Court for a Contempt hearing; payor's wages, salary, commissions, and/or income may be attached in accordance with law; this Order will be increased without further hearing by 15  % a month until all arrearages are paid in full. Payor is responsible for court costs and fees.

Copies delivered to parties 04/26/04                         .

**CONFERENCE OFFICE**
Consented:  **MICHAEL R. MIGDAL**

_____            _____
Plaintiff                                                        Plaintiff's Attorney

_____            _____
Defendant                                                      Defendant's Attorney

**BY THE COURT:**

PER CURIAM
_____
                                                                              **Judge**

Service Type M                    Form OE-518
                                  Worker ID 25413

In the Court of Common Pleas of          Erie          County, Pennsylvania
#### DOMESTIC RELATIONS SECTION

Cristine D Strcker
_Plaintiff_

Vs.  Kevin A Pound
_Defendant_

S.S. No. 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

) Docket Number N52000C0484
)
) PACSES Case Number 63512C16
)
) Other State ID Number

### Order

**AND NOW** to wit, this  1ST day of March, 2004,          it is hereby Ordered that:
after hearing, the defendant is found in contempt of court for willfully failing to:

| | |
|---|---|
| ✓  pay support as ordered | ___  honor agreement(s) |
| ___  appear as ordered/respond to notices | ✓  report changes in employment/ address/income |
| ___  participate in TEP | ___  other _____ |

It is hereby ordered, adjudged and decreed that  Kevin A Pound
shall be incarcerated in the Erie County Prison for a period of  4  month(s)/days or
a purge in the amount of $2573.96  (2 cases) combined .

✓  Defendant shall be eligible for work release.

✓  Defendant shall be eligible for suspended sentence after 60 days providing (s)he has:

  ✓  Complied with the rules and regulations of the Work Release Program;

  ✓  Maintained regular support payments for 60 day;

  ✓  Participated in the Parent's Workshop while in Work Release and will continue to do so for a total of six (6) months.

Other conditions as follows:

It is further ordered, adjudged and decreed the defendant shall pay $50.00 in contempt fees and all costs of prosecution to the Erie County Domestic Relations, Support Finance Office.

By the court,

_Stephanie Domitrovich_          **JUDGE**

**In the Court of Common Pleas of**         ERIE         **County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

| | |
|---|---|
| CRISTINE D. STROKER | ) Docket Number    NS200000484 |
|                Plaintiff | ) |
| vs. | ) PACSES Case Number  635102016 |
| KEVIN A. POUND | ) |
|                Defendant | ) Other State ID Number |

## ORDER OF COURT

### Legal proceedings have been brought against you alleging
### you have wilfully disobeyed an Order of Court.

1.  If you wish to defend against the claim set forth in the following pages, you may, but are not required to, file in writing with the Court your defenses or objections.

2.  You, KEVIN A. POUND                                        , Respondent, must appear in person in court on    MARCH 1, 2004    , at    9:30AM , in COURTROOM G - 222-DOMITROVICH

ERIE COUNTY COURTHOUSE, 140 WEST 6TH STREET, ERIE, PA. 16501-1032

**IF YOU DO NOT APPEAR IN PERSON, THE COURT MAY ISSUE A**

**WARRANT FOR YOUR ARREST AND YOU MAY BE COMMITTED TO JAIL.**

3.  If the Court finds that you have wilfully failed to comply with its order you may be found to be in contempt of court and committed to jail, fined, or both.

REGULAR MAIL_____

TO SHERIFF_____

CERTIFIED MAIL_____

Service Type M          CLERK'S INITIALS_____

Form EN-528
Worker ID 25500

YOU HAVE A RIGHT TO AN ATTORNEY AT THIS HEARING. HOWEVER, THE JUDGE WILL PROCEED WITH YOUR CASE WHETHER OR NOT YOU HAVE AN ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

<div align="center">

Lawyers Referral Service
501 Sassafras Street
Erie, Pennsylvania 16507
(814) 459-3111

</div>

IF YOU CANNOT AFFORD AN ATTORNEY AND MEET CERTAIN FINANCIAL ELIGIBILITY REQUIREMENTS, AN ATTORNEY WILL BE APPOINTED FOR YOU. YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO SCHEDULE A FINANCIAL ELIGIBILITY INTERVIEW.

<div align="center">

Public Defender's Office
509 Sassafras Street
Erie, Pennsylvania 16507
(814) 451-6322

</div>

<div align="center">

**AMERICANS WITH DISABILITIES ACT OF 1990**

</div>

The Court of Common Pleas of         ERIE         County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact our office at: (814) 451-6151. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled hearing.

<div align="center">

**BY THE COURT:**

</div>

Date of Order: ____FEBRUARY  03, 2004_____        *JUDGE ELIZABETH KELLY*
                                                                              **JUDGE**

Service Type M                                                    Contempt Signature Page

**In the Court of Common Pleas of** ERIE **County, Pennsylvania**
DOMESTIC RELATIONS SECTION

| | |
|---|---|
| CRISTINE D. STROKER | ) Docket Number     NS200000484 |
| Plaintiff | ) |
| vs. | ) PACSES Case Number   635102016 |
| KEVIN A. POUND | ) |
| Defendant | ) Other State ID Number |

## PETITION FOR CONTEMPT - DEFENDANT

### TO THE HONORABLE, THE JUDGES OF SAID COURT:

1. Petitioner is      ERIE       County Domestic Relations Section.

2. Defendant is       KEVIN A. POUND            who resides at PO BOX 105, RIPLEY, NY. 14775-0105-05

3. On   APRIL 14, 2000    an order of support was entered by the Honorable Court directing Defendant to pay the sum of $ 287.50       per month for the support of his/her dependent(s).

4. Defendant has failed to comply with the order as entered by the Court by failing to:

   ☒ pay as ordered.
   ☐ provide information which was ordered.
   ☐ appear as ordered.
   ☒ other:
      Respond to non-compliance letter.

5. The arrearages under the Order amount to $ 1,149.56     as of FEBRUARY 3, 2004

**WHEREFORE,** Petitioner prays that the Court issue an order directing the attendance of Defendant at a hearing of said Petition and hereafter to make an adjudication of contempt.

I verify that the statements made in this Petition are true and correct to the best of my knowledge. I understand that false statements herein are made to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

| | |
|---|---|
| 2/3/04 | YVONNE N GEORGE |
| Date | Signature |

Service Type M

Form EN-007
Worker ID 25405

*H 5-1-00*

**In the Court of Common Pleas of    ERIE    County, Pennsylvania**
**DOMESTIC RELATIONS SECTION**

| | |
|---|---|
| CRISTINE D. STROKER | ) Order Number        NS200000484 |
|        Plaintiff | ) |
| vs. | ) PACSES Case Number  635102016 |
| KEVIN A. POUND | ) Docket Number      NS200000484 |
|        Defendant | ) Other State ID Number |

## ORDER OF COURT
Ⓧ **Final**  ◯ **Interim**  ◯ **Modified**

**AND NOW,**   14TH DAY OF APRIL, 2000   ,based upon the Court's determination that the Payee's monthly net income is $ 1701.89   and the Payor's monthly net income is $ 1,225.97   , it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit

TWO HUNDRED FIFTY DOLLARS PER MONTH

Dollars ($ 250.00      ) a month payable    WEEKLY    as follows: first payment due

EFFECTIVE DATE OF ORDER

The effective date of the order is 05/01/00 .

Arrears set at $ 0.00      as of    APRIL 14, 2000    are due in full IMMEDIATELY. All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting and tax refund offset certification and will not be initiated as long as obligor does not owe overdue support.  Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

| Name | Birth Date |
|---|---|
| ANDREW B. POUND | 10/02/99 |

Service Type M

Form OE-518
Worker ID 25410

STROKER                  v. POUND                    PACSES Case Number: 635102016

The defendant owes a total of $ 250.00        per month payable    WEEKLY        ;

$ 250.00      for current support and $ 0.00        for arrears.  The defendant must

also pay fees/costs as indicated below.  This order is allocated and monies are to be applied as

follows:

| Frequency Codes: | 1 = One Time | B = BiWeekly | 2 = Bi-Monthly | M = Monthly | Q = Quarterly |
|---|---|---|---|---|---|
| | 5 = Semi-Annually | S = Semi-Monthly | A = Annually | W = Weekly | |

Payment Amount/
Frequency              Debt Type Description                    Beneficiary

| $ 250.00 | /M | CHILD SPT ALLOC    ANDREW B. POUND |
|---|---|---|
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |
| $ 0.00 | / | |

Said money to be turned over by the Pa SCDU to:

CRISTINE D. STROKER                . Payments must be made by check or

money order.  All checks and money orders must be made payable to Pa SCDU and mailed to:

Pa SCDU
P.O. Box 69110
Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number

in order to be processed.  Do not send cash by mail.

Service Type M

Form OE-518
Worker ID 25410

STROKER            v. POUND            PACSES Case Number: 635102016

Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows:   50   % by defendant and   50   % by plaintiff. The plaintiff is responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed medical expenses.   ⓧ Defendant ◯ Plaintiff ◯ Neither party to provide medical insurance coverage. Within thirty (30) days after the entry of this order, the   ◯ Plaintiff ⓧ Defendant shall submit to the person having custody of the child(ren) written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of : 1) the name of the health care coverage provider(s);  2)  any applicable identification numbers;  3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and  8) five copies of any claim forms.

Other Conditions:

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|-----------|-----------------|-------------------|---|
| $ 5.00 | for JUDICIAL COMPUTER FEE | Payable at $ 0.00 | per MONTH |
| $ 35.00 | for DOCKET FEE | Payable at $ 0.00 | per MONTH |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |

Service Type M

Form OE-518
Worker ID 25410

STROKER          v. POUND          PACSES Case Number: 635102016

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING, BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY (ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN **ONE MONTH'S SUPPORT OBLIGATION AND (1) THE COURT FINDS** THAT THERE IS GOOD CAUSE NOT TO REQUIRE IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be arrested and brought before the Court for a Contempt hearing; payor's wages, salary, commissions, and/or income may be attached in accordance with law; this Order will be increased without further hearing by o  % a month until all arrearages are paid in full. Payor is responsible for court costs and fees.

Copies delivered to parties 04/14/00 _____ .
                             Date

Consented:

_Crista Stm_
Plaintiff

_Kevin Pound_
Defendant

Plaintiff's Attorney _____

Defendant's Attorney _____

**BY THE COURT:**

**Conference Officer
ANTOINETTE S. MUCCI**

_____
                                                    **Judge**

Service Type M          Page 4 of 4          Form OE-518
                                             Worker ID 25410