**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEVIN ALBERT POUND,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-156E |
| ) | JUDGE SEAN McLAUGHLIN |
| **WARDEN JAMES VESHECCO,** ) | MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

**II.    REPORT**

At the time this petition was filed in May, 2005, petitioner Pound was in prison pursuant to two contempt citations imposed by the Court of Common Pleas of Erie County for his failure to pay child support. Petitioner alleges that his sentence was "illegal" and that he was denied representation. Respondent District Attorney of Erie County has attached to the response all relevant contempt citations, which establish that the sentence for contempt was initially imposed in October, 2004, at a proceeding at which petitioner did not appear. Petitioner was ordered to jail until such time as he purged his contempt by payment of his child support obligations. Petitioner was ultimately incarcerated on May 3, 2005, and was released from custody on June 9, 2005.

In Chadwick v. Janecka, 312 F.3d 597 (3d Cir. 2002), the court was faced with a situation very much similar to this case. Mr. Chadwick refused to comply with a state court order to pay money into an escrow account in an ongoing divorce proceeding. The state court ordered Chadwick jailed for contempt until such time as the money was paid into an escrow account. After a lengthy discussion of precedent, the Chadwick court concluded that the state court's contempt order did not violate federal law since there was no proof that Chadwick was unable to comply with the state court's orders. The Chadwick court concluded that its "decision does not preclude Mr. Chadwick from

filing a new federal habeas petition if he claims that he is *unable* for some reason to comply with the state court's order." 312 F.3d at 614.

In this case, the petitioner does not allege that he was unable to pay the child support ordered by the state court and, hence, that he was unable to purge himself of contempt. Therefore, petitioner's incarceration was not constitutionally infirm. Chadwick, supra. The petition should be dismissed.

And, in any event, the instant petition is also moot. The manner in which a petition for writ of habeas corpus may be mooted by the passage of time has been explained in the following fashion:

> "[A]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). However, after the convict's sentence expires, "some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained." Id. In Spencer, the Supreme Court held that insufficient collateral consequences resulted from the petitioner's parole revocation to avoid mootness. Id. at 14-17, 118 S.Ct. 978. In so holding, the Court criticized precedent that presumed the existence of collateral consequences and that accepted "the most generalized and hypothetical of consequences as sufficient to avoid mootness." Id. at 10. In particular, the Court criticized its decision in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), where the Court held that the "mere 'possibility'" of adverse collateral consequences is sufficient to preclude a finding of mootness. Id. at 55, 88 S.Ct. 1889 (citation omitted). Nevertheless, the Spencer Court did not overrule Sibron, instead distinguishing it by noting that although a court may presume collateral consequences in the context of a criminal conviction, the same cannot be said of parole revocation. 523 U.S. at 12, 118 S.Ct. 978.

Chong v. District Director, I.N.S., 264 F.3d 368, 384 (3d Cir. 2001). This matter became moot on June 9, 2005, when petitioner was released from state custody[1].

"A certificate of appealability may issue . . . only if the applicant has made a substantial

---

[1] Petitioner, although released from custody, did not provide the court with a forwarding address.

showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because petitioner has not made such a showing, a certificate of appealability should be denied.

## CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: November 30, 2006